IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE BOARD OF TRUSTEES as Plan Administrator of the Teamster-UPS National 401(k) Tax Deferred Savings Plan,<br><br>Plaintiff,<br>v.<br><br>Deborah A. Smodic as Executrix of the Estate of Thomas A. Radosevich, and Victoria Newnes<br><br>Defendants. | Civil Action File No. _____ |

## COMPLAINT FOR INTERPLEADER

The Board of Trustees (the "Board") in its capacity as Administrator of the Teamster-UPS National 401(k) Tax Deferred Savings Plan (the "401(k) Plan"), and for its complaint for interpleader states and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction of this Employee Retirement Income Security Act ("ERISA") interpleader action pursuant to 29 U.S.C. § 1132(e)(1). This Court also has subject-matter jurisdiction over this interpleader action, which is brought pursuant to Federal Rule of Civil Procedure 22, under 28 U.S.C. § 1331 (federal-question jurisdiction), because this action

relates to an ERISA-regulated plan and, as such, arises under the laws of the United States of America and therefore raises a federal question. In the alternative, with respect to Defendants, the Board is diverse and the amount in controversy exceeds $75,000.00 so that this Court also has jurisdiction under 28 U.S.C. § 1332(a)(1).

2.  Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 29 U.S.C. § 1132(e)(2), because this is the district where the 401(k) Plan is administered.

3.  Nationwide service of process is authorized under 28 U.S.C. § 2361 and 29 U.S.C. § 1132(e)(2).

## THE PARTIES

4.  The Board is the administrator of the 401(k) Plan. The 401(k) Plan is a Section 404(c) plan within the meaning of ERISA. A copy of the plan document for the 401(k) Plan is attached as Exhibit A. The Board's has its principal place of business at 55 Glenlake Parkway NE Atlanta, GA 30228. The Board administers the 401(k) Plan from its principal place of business which is within this District.

5.  While employed by UPS, the late Thomas A. Radosevich (the "Participant") was a participant in the 401(k) Plan.

6. Victoria Newnes ("Ms. Newnes") is the former spouse of the Participant. Upon information and belief, Ms. Newnes is a resident of Virginia.

7. Deborah A. Smodic ("Ms. Smodic") is the Participant's sister and executrix of his estate. Upon information and belief, Ms. Smodic is a resident of Virginia.

## FACTS

8. The deceased was a Participant in the 401(k) Plan.

9. On April 17, 2004, Participant married Mary Ann Radosevich ("Mary Ann") in Prince George County, Virginia. 2007 Divorce Decree at 1, attached as Exhibit B.

10. On January 15, 2007, Participant and Mary Ann were divorced in Surry County Virginia. Id.

11. The 2007 Divorce Decree contemplates that Participant would retain possession of his retirement account following their divorce and that Mary Ann would waive any right she may have had thereto:

> **RETIREMENT** The parties agree that the *Wife has no claim on any retirement benefits of the Husband*. Further, the parties agree that the Husband has no claim on any monies the Wife may have in retirement funds. The parties hereto waive any right they may have to the other party's retirement, IRA, *401K*, profit sharing, or any other similar investment or account, both now and in the future.

<u>Id</u>. at ¶ 12 (emphasis added).  The Board is aware of no other version of this domestic relations order, and Mary Ann never sought to qualify any domestic relations order under the Plan in order to claim any interest in Participant's benefit under the Plan.

12. On February 28, 2008, Participant married Ms. Newnes in Surry County Virginia.  2016 Divorce Decree at 1, attached as Exhibit C.

13. During their marriage, Participant designated Ms. Newnes as a beneficiary to his 401(k) benefit.  Ms. Newnes and the Participant did not have children.

14. On or about March 3, 2016, Participant and Ms. Newnes separated. <u>Id</u>. at 2.

15. On or about May 6, 2016, during their separation but prior to their divorce, Participant and Ms. Newnes entered into an Agreement ("Agreement") concerning the distribution of property and other matters concerning the marriage of the parties.  <u>See</u> Agreement, attached as Exhibit D.  That Agreement contemplates that Participant would retain possession of his 401(k) account:

> [Participant] shall have as his sole separate property all items of intangible and/or tangible personal property in the name of or in possession of [Participant] as of the date of this Agreement; and all bank accounts, bonds,

>   stocks, retirement accounts, 401(k) accounts, pensions, insurance and other such items of intangible personal property in the sole name of [Participant] as of the date of execution of this Agreement.

Id. at 15 b.

16. On November 22, 2016, Participant and Ms. Newnes were divorced in Surry County Virginia. Exhibit C at 3.

17. The Surry County Circuit Court expressly ratified the Agreement and incorporated the same into the Divorce Decree. Id. at 2.

18. The Divorce Decree also references Section 20-111.1 of the Code of Virginia, stating:

>   NOTICE: Beneficiary designations for any death benefit, as defined in subsection B of § 20-111.1 of the Code of Virginia, made payable to a former spouse *may or may not* be automatically revoked by operation of law upon the entry of a final decree of annulment or divorce. If a party intends to revoke any beneficiary designation made payable to a former spouse following the annulment or divorce, *the party is responsible for following any and all instructions to change such beneficiary designated given by the provider of the death benefit*. Otherwise, existing beneficiary designations may remain in full force and effect after the entry of a final decree of annulment or divorce.

Id. at 3 (emphasis added).

19. Participant died on July 2, 2017. Death Certificate, attached as Exhibit E. At or around the time of his death, Participant's 401(k) Plan Account

5

contained approximately Three-Hundred and Twenty-Five Thousand Dollars ($325,000).

20. On July 20, 2017, Ms. Smodic was appointed as executrix of Participant's Estate. Qualification of Executrix, attached as Exhibit F. On August 25, 2017, Ms. Smodic sent a letter requesting information concerning Participant's 401(k) Plan account. Smodic Letter, attached as Exhibit G.

21. On August 16, 2017, Ms. Smodic sent a letter indicating that Mary Ann waived all rights to receive assets from Participant's 401(k) account. Smodic Letter re Mary Ann, attached as Exhibit H. Ms. Smodic has not filed a claim for Participant's 401(k) account.

22. On September 14, 2017, Ms. Smodic's attorney sent a letter indicating that any beneficiary designation Participant made prior to his death was revoked by operation on Virginia law. Smodic Letter re Virginia Law, attached as Exhibit I.

23. On October 20, 2017, Ms. Smodic sent a letter requesting that Participant's 401(k) account not be distributed to Ms. Newnes. Smodic Letter re Newnes, attached as Exhibit J.

24. On or about November 3, 2017, the 401(k) Plan received a letter from Ms. Newnes' attorney. Newnes Letter, attached as Exhibit K. That letter indicates

that Ms. Newnes is the designated beneficiary to Participant's 401(k) account. Id. That letter also attaches a Death Claim for Participant's Plan account. Id. at 3.

25. By its terms, the 401(k) Plan is subject to ERISA, which preempts applicable state law. 29 U.S.C. § 1144(a).

26. The Board, on behalf of the 401(k) Plan, seeks equitable relief to enforce the terms of the 401(k) Plan and/or ERISA pursuant to 29 U.S.C. § 1132(a)(3)(b)(ii) through the Court's determination of the proper beneficiary or beneficiaries of the Participant's interest in the 401(k) Plan account among Ms. Newnes and Participant's Estate.

27. The Board is simply a stakeholder and dose not claim entitlement to Participant's interest in the 401(k) Plan. The full value of the amount in Participant's account in the 401(k) Plan must be distributed to someone, the only question is which of the competing claims is correct.

## CAUSE OF ACTION IN INTERPLEADER

28. This interpleader action is filed by the Board because the 401(k) Plan, is subject to competing claims for the same account balance.

29. Participant's interest in his 401(k) Plan account became subject to distribution upon his death.

30. Due to the actual competing claims of the interpleaded defendants, the Board and the 401(k) Plan is exposed to multiple and conflicting liabilities.

31. The Board and the 401(k) Plan are ready, willing and able to pay the total benefit amount (plus applicable interest, if any), payable in accordance with the terms of the 401(k) Plan in such amounts and to whichever interpleading party or parties as the Court shall designate, or to pay the benefit into the Court.

32. The 401(k) Plan will pay the benefits that are due and owing from the 401(k) Plan as the Court determines to be in accordance with the terms the plan document and ERISA. Thus, the 401(k) Plan seek to "enforce [ERISA] and the terms of the plan[s]." 29 U.S.C. § 1132(a)(3)(B)(ii).

33. The Board has not brought this Complaint at the request of any or all of the interpleading defendants.

34. There is no fraud or collusion between the Board, the 401(k) Plan and or any or all of the interpleading defendants.

35. The Board brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

36. The Board cannot safely determine the proper recipient or recipients of the benefits of the 401(k) Plan without risking that the Board or the 401(k) Plan will be exposed to multiple and conflicting liability.

WHEREFORE, the Board demands judgment as follows:

i. Restraining each of the Defendants by Order and Injunction of this Court from instituting any action against the Board or the 401(k) Plan for the recovery of benefits, except in this action;

ii. Requiring the Defendants to answer this Complaint and litigate their claims among themselves for the subject benefits in this action or forever be barred from asserting their claims to the benefits of the 401(k) Plan involved in this Complaint;

iii. Enjoining each of the Defendants from instituting or prosecuting in any state or federal court or agency any proceeding affecting the benefits of the 401(k) Plan in this Complaint;

iv. Requiring that Defendants settle and adjust among themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Participant's interest in the 401(k) Plan should be paid;

v. Permitting the Board and/or the 401(k) Plan to deposit the amount of said benefits into the Registry of this Court or to hold or pay out the benefits as this Court shall direct;

vi. Discharging the Board and the 401(k) Plan from any further liability upon payment of the aforementioned benefits into the Registry of this Court or as otherwise directed by this Court and dismissing with prejudice this action as to the Board and the 401(k) Plan.

Respectfully submitted this 2nd day of January, 2018.

                           THOMPSON HINE LLP

                           /s/ J. Timothy McDonald
                           J. Timothy McDonald
                           Georgia Bar No. 489420

                        Jason R. Carruthers
                        Georgia Bar No. 211098
                        Two Alliance Center, Suite 1600
                        3560 Lenox Road
                        Atlanta, Georgia 30326
                        Telephone:  (404) 541-2900
                        Facsimile: (404) 541-2905
                        Tim.McDonald@ThompsonHine.com
                        Jason.Carruthers@ThompsonHine.com

                        *Attorneys for the Board of Trustees in its capacity as Administrator of the Teamster-UPS National 401(k) Tax Deferred Savings Plan*

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that this pleading was prepared using one of the font and point selections approved by this Court in LR 5.1C, N.D. Ga. Specifically, Times New Roman font was used in 14 point.

This 2nd day of January, 2018.

      /s/ J. Timothy McDonald
J. Timothy McDonald
Georgia Bar No. 489420
Jason R. Carruthers
Georgia Bar No. 211098
THOMPSON HINE LLP
Two Alliance Center, Suite 1600
3560 Lenox Road
Atlanta, Georgia 30326
Telephone: (404) 541-2900
Facsimile: (404) 541-2905
Tim.McDonald@ThompsonHine.com
Jason.Carruthers@ThompsonHine.com

*Attorneys for the Board of Trustees in its capacity as Administrator of the Teamster-UPS National 401(k) Tax Deferred Savings Plan*